IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER GEORGE TAYLOR,** | CASE NO. 1:23-CV-01707 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **DR. KILOLO KIJAKAZI,** Acting Commissioner of the Social Security Administration, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Christopher George Taylor ("Plaintiff") filed this action to contest a judgment denying him social security benefits entered by the United States District Court for the Western District of Louisiana in 2014. He contends that the District Judge adopted the Magistrate Judge's Report and Recommendation ("R&R") before the time to file objections expired. He asks this Court to declare that judgment to be void. For the reasons herein stated, this case is dismissed. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

### BACKGROUND

Plaintiff filed an action in 2012 in the United States District Court of the Western District of Louisiana seeking review of a Social Security Administration decision. *See Taylor v. Commissioner of Social Security*, No. 1:12 CV 1756 (WDLA May 15, 2014) ("*Taylor I*"). Plaintiff indicates he had been granted disability benefits, but he filed the action to contest the determination of the date of the onset of his disability. (ECF No. 1, PageID #2).

Plaintiff alleges that the Magistrate Judge issued a R&R on April 28, 2014, proposing that the decision of the Commissioner be affirmed, and that the appeal be denied and dismissed with prejudice. (*Id*.). The R&R stated that objections must be filed within fourteen days from the date of service. (*Id*.). The Court docket indicated that the objections were due on or before May 15, 2014. Plaintiff contends that the R&R was postmarked on May 1, 2014. (*Id*. at PageID #3). Plaintiff indicates that the District Court adopted the R&R dismissing the case without prejudice on May 15, 2014, even though the time for filing objections had not yet closed. (*Id*.).

Nearly three months later, on August 8, 2014, Plaintiff filed his objections to the R&R and also filed a Motion to Vacate the Judgment. (ECF No. 4, PageID #17). He argued that the District Court had prematurely adopted the Magistrate Judge's R&R. (*Id*.). The District Court rejected the Motion to Vacate, stating that Plaintiff had not attempted to file objections within the fourteen-day time period. (*Id*.). Instead, he missed the deadline by nearly three months. (*Id*.). He concluded that even if the adoption of the R&R was earlier than the full fourteen days, Plaintiff was not prejudiced by that action. (*Id*.). Plaintiff appealed that decision to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the District Court's decision on June 11, 2015. (*Id*. at PageID #15).

Now, nine years after the Western District of Louisiana dismissed his case and more than eight years after the appellate court affirmed that decision, Plaintiff filed this case in the Northern District of Ohio. (ECF No. 1). He asks this Court to review the judgment of the Western District of Louisiana and declare it to be void. (*Id*.).

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is required to dismiss an *in*

*forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

As an initial matter, this District Court lacks subject matter jurisdiction to review the decision of another District Court. *See, e.g., Dana Corp. v. Fireman's Fund Ins. Co.*, Nos. 3:83CV1153, 3:85CV7491, 1997 WL 135591, at *2 (N.D. Ohio Feb. 10, 1997) ("One district court has no such jurisdiction over another district court") (citing *Graves v. Sneed*, 541 F.2d 159, 161 (6th Cir. 1976)); *Elliott v. Chairman of the U.S. Merit Sys. Protection Bd.*, No. 2:17-CV-47,

2017 WL 6102809, at *2 (E.D. Tenn. Dec. 6, 2017) (dismissing on other grounds but noting "the Court's ability to exercise subject matter jurisdiction over this case — which, according to Mr. Elliott's allegations, derives from proceedings before the Eastern District of Virginia and the Fourth Circuit — is dubious"); *Laues v. Roberts*, No. 2:14–CV–12313, 2015 WL 1412631, at *4-5 (E.D. Mich. Mar. 25, 2015) (finding that the Court lacked jurisdiction to address the Plaintiff's challenges to the Judge's prior rulings in another District Court case); *United States v. Westine*, No. 14–10, 2014 WL 7004930, at *3 (E.D. Ky. Dec. 10, 2014) ("[T]his Court has no jurisdiction to upset or review a past judgment issued by another District Court"). This Court is unaware of any jurisdictional grant by Congress or the United States Constitution that authorizes one District Court to sit in review of a judgment by another District Court. This Court lacks jurisdiction to conduct such a review and grant the relief Plaintiff requests.

Even if there was not the mentioned jurisdictional bar, this action would be barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one Court has already resolved the merits of a case, another Court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*.

This case would be barred by *res judicata* in two ways. First, Plaintiff raised his argument about the premature adoption of the R&R in his Motion to Vacate filed in the District

Court in the Western District of Louisiana on August 8, 2014.  *See Taylor I*, ECF No. 34). District Judge James T. Trimble, Jr. determined that even if he had adopted the Magistrate's R&R a day too early, it would make no difference as Plaintiff did not attempt to file his objections within the fourteen-day period of time set out in the Order.  (*See Taylor I*, ECF No. 36).  Instead, Plaintiff filed them on August 8, 2014, nearly three months after they were due. (*Id*.).  He did not request an extension of time to file objections, which Judge Trimble indicated he would have granted if it was submitted within one or two days of the missed deadline.  (*Id*.). As Judge Trimble already decided that Plaintiff was not prejudiced by his adoption of the Report and Recommendation on May 15, 2014, this Court is barred by *res judicata* from entertaining that argument.

In addition, Plaintiff raised this same argument on appeal to the United States Fifth Circuit Court of Appeals.  (*See Taylor I*, ECF No. 38).  The Appellate Court affirmed the decision of the District Court.  (*See Taylor I*, ECF No. 41).  This Court is barred by *res judicata* from considering that argument for a third time in this case.

## CONCLUSION

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e).  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: December 12, 2023

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE